IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEREMIAH MCCALL,

    Plaintiff,

v.

OFFICER DEAN ROUNDS, JR., *et al.*

    Defendant.

Civil No. 22-357-BAH

## **MEMORANDUM OPINION**

Plaintiff Jeremiah McCall ("Plaintiff") filed this lawsuit against Officer Dean Rounds Jr., and Officer Jeremy Wolford (collectively "Defendants"). *See* ECF 6 (first amended complaint). Pending before the Court is Plaintiff's motion for leave to file a second amended complaint ("SAC"). ECF 42 (the "Motion"). Defendants filed an opposition, ECF 48, and Plaintiff filed a reply, ECF 49. The filings include memoranda of law and exhibits.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part.**

### I.    Relevant Facts and Procedural History

In the first amended complaint, Plaintiff alleged that on December 21, 2020, Correctional Officers Rounds Jr. and Wolford assaulted him inside the medical room inside Housing Unit 2 at

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

North Branch Correctional Institution ("NBCI"). ECF 6, at 1. The assault consisted of repeated punches to the head, face, and body. *Id.* at 1–2. According to Plaintiff, at that time, he had not assaulted any correctional staff, and he was handcuffed with his hands behind his back. *Id.* at 2. As a result of the assault, Plaintiff had to be taken to a hospital for treatment. *Id.* He sustained multiple bruises and knots in his face and the back of his head, swelling of his left eye and a deep laceration to the corner of his left eye that required stitches, and a fractured nose as confirmed by a CT scan at the hospital. *Id.* at 2–3.

Based upon these factual allegations, Plaintiff filed suit against NBCI on February 10, 2022, and alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[2] ECF 1 (initial complaint), at 1; ECF 6, at 1. In the initial complaint, Plaintiff sought monetary damages, a transfer to another prison, replacement of his personal property, and psychological counseling. ECF 1, at 3. On February 24, 2022, Judge Chuang granted Plaintiff leave to file an amended complaint to allow Plaintiff to name the individual staff members he seeks to hold responsible for his injuries. ECF 5, at 1. On March 18, 2022, Plaintiff filed the first amended complaint naming Officer Rounds Jr. and Officer Wolford as defendants. ECF 6, at 1. On July 29, 2022, Defendants NBCI, Officer Wolford and Officer Rounds Jr. moved for dismissal, or in the alternative, summary judgment. ECF 19. On March 7, 2023, Judge Chuang granted in part and denied in part Defendants' motion to dismiss. ECF 25. The court dismissed the claims against NBCI as barred by the Eleventh Amendment. *Id.* at 8. However, Judge Chuang found that Plaintiff sufficiently

---

[2] Under 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

2

stated an excessive force claim against each of the individual officers. *Id.* at 9–10. On April 18, 2023, Judge Chuang appointed pro bono counsel to represent Plaintiff. ECF 27. The case was then reassigned to the undersigned on October 23, 2023.

On March 5, 2024, after engaging in "limited informal discovery," Plaintiff filed the instant motion for leave to file a second amended complaint. ECF 42, at 2. Plaintiff seeks to "join[] additional defendants and add[] new claims, in order to conform his pleadings to the evidence discovered to date[.]" *Id.* at 1. Specifically, Plaintiff seeks to add 15 additional staff members employed at NBCI[3] or Western Correctional Institution (WCI)[4] as defendants and add the

---

[3] Plaintiff seeks to amend the complaint against NBCI staff as follows: add Commissioner Morgan, Warden Weber, Assistant Warden Butler, Captain Janet Puffenbarger, Lieutenant Crites, Sergeants Koelker and Smith, Officers Vinci, Spence, Yoder, Gilpin, Sherbin, Hearn, and Mallery, and John Doe as additional defendants; add a failure to intervene claim against Defendants Koelker, Vinci, Spence, Yoder, and John Doe in their individual capacities in violation of the Eighth Amendment and Article 25 of the Maryland Constitution; add an excessive force claim against Defendants Wolford and Rounds Jr. in their individual capacities in violation of Article 25 of the Maryland Constitution; add an assault claim against Defendants Wolford and Koelker in their individual capacities in violation of Maryland state law; add a battery claim against Defendants Wolford and Rounds Jr. in their individual capacities in violation of Maryland state law; add a conspiracy claim against Defendants Wolford, Rounds Jr., Vinci, Spence, Yoder, Koelker, Gilpin, Crites, and Smith in their individual capacities in violation of Maryland State law; and add an excessive force claim against Defendants Mallery, Sherbin, and Hearn in their individual capacities in violation of the Eighth Amendment. ECF 42, at 6–7.

[4] Plaintiff seeks to amend the complaint against WCI staff as follows: add an excessive force claim against Defendants Mallery, Sherbin, and Hearn in their individual capacities in violation of the Eighth Amendment, and a separate excessive force claim against those Defendants in their individual capacities in violation of Article 25 of the Maryland Constitution; add a retaliation claim against Defendants Puffenbarger, Mallery, Sherbin, and Hearn in their individual capacities in violation of Article 19 of the Maryland Constitution; add a battery claim against Defendants Mallery, Sherbin, and Hearn in their individual capacities in violation of Maryland State law; add an obstruction of justice claim against Defendant Mallery in his individual capacity in violation of Maryland State law; add a failure to protect claim against Defendant Puffenbarger in her individual capacity, and Defendants Commissioner Morgan, Warden Weber, and Assistant Warden Butler in their individual and official capacities in violation of the Eighth Amendment; and add a failure to protect claim against Defendant Puffenbarger in her individual capacity, and Defendants Commissioner Morgan, Warden Weber, and Assistant Warden Butler in their individual and official capacities in violation of Article 25 of the Maryland Constitution. *Id.*

3

following claims brought under various state and federal laws: failure to intervene, excessive force, assault, battery, conspiracy, retaliation, obstruction of justice, and failure to protect. *Id.* at 6–7. Plaintiff seeks to add the WCI officers because "[c]ounsel's investigation revealed that the violation of [Plaintiff's] rights at NBCI was followed by violent retaliation against [Plaintiff]" at WCI after Plaintiff was moved to that facility in March of 2023. *Id.* at 4. Plaintiff alleges that when he learned of his transfer to WCI, which "is located adjacent to NBCI," he voiced concerns to corrections officers "that if he were placed in WCI general population, he would suffer retaliation by WCI officers" who had various loyalties to NBCI officers. *Id.* Plaintiff claims his concerns were ignored, requiring him to "refuse[] his general population housing assignment." *Id.* at 5. Plaintiff was punished and ultimately placed in the general population, where he alleges he was stabbed by another inmate "causing serious injuries including a punctured lung and the permanent loss of vision in his left eye." *Id.* Plaintiff alleges that senior WCI officials "failed to protect [him] from harm, ignore[ed] his justified grievances and his legitimate fear and, in [one official's] case, dismiss[ed] [Plaintiff's] grievances in writing by asserting blatantly false statements." *Id.*

Plaintiff argues that an amended complaint is appropriate because formal discovery has not yet begun, a trial date has not been set, the proposed claims "are not complex," the SAC will not prejudice Defendants Wolford and Rounds Jr. and it will "streamline" the issues for trial. *Id.* at 19–20. Moreover, Plaintiff avers that since the filing of the initial complaint, he has "diligently prosecuted this matter and has been appointed counsel." *Id.* at 17. Appointed counsel then "acted

4

diligently in gathering information" and subsequently moved for leave to file a second amended complaint.[5] *Id.*

Defendants opposed the filing of an amended complaint on the ground that Plaintiff failed to state claims upon which relief can be granted. ECF 48, at 2. Defendants contend that: 1) the Eleventh Amendment bars claims brought against Morgan, Weber, and Butler; 2) obstruction of justice is not a cognizable civil claim; 3) Plaintiff failed to state an excessive force claim under federal or state law against Officers Mallery, Sherbin, and Hearn; 4) Plaintiff failed to state a claim for retaliation against Puffenbarger, Mallery, Sherbin, and Hearn; 5) Plaintiff failed to state a claim for failure to protect against Morgan, Weber, and Butler. *See generally* ECF 48. Plaintiff replied by noting that Defendants do not argue that granting leave to amend would prejudice Defendants or that there is a lack of good cause to amend. ECF 49, at 2. Plaintiff also urges the Court to refrain from "mak[ing] a piecemeal assessment of his Proposed Second Amended Complaint," *id.* at n.3, and instead allow Plaintiff to file his SAC and assess at a later point, "after comprehensive and thorough briefing by the parties," whether the counts properly allege facts and claims upon which relief can be granted. *Id.*

## II. Analysis

Federal Rule of Civil Procedure Rule 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave [to amend] when justice so requires." *Id.* Moreover, the Fourth Circuit has explicitly directed trial courts "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th

---

[5] The Court notes that Plaintiff was proceeding *pro se* when he filed his initial complaint, ECF 1, and first amended complaint, ECF 6.

Cir. 2010). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, courts only deny leave to amend if there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Id.* Ultimately, the decision to grant leave to amend rests in this Court's discretion. *Id.*; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Here, Defendants argue that Plaintiff's proposed second amended complaint cannot survive a 12(b)(6) motion and thus the motion for leave to amend must be denied. ECF 48, at 2; *id.* at 5–6 (citing *United States ex. rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). While it is within the trial court's discretion to deny leave to amend when a claim cannot withstand a Rule 12(b)(6) motion, "it does not follow that every plaintiff seeking leave to amend claims must demonstrate that the claims can withstand a Rule 12(b)(6) motion." *Sulton v. Baltimore Cnty.*, Civ. No. SAG-18-2864, 2021 WL 82925, at *2 (D. Md. Jan. 11, 2021). In *Sulton*, Judge Gallagher explained that "[s]uch a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is 'clearly insufficient or frivolous on its face,' and would run contrary to the Fourth Circuit's well-established 'policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a).'" *Id.* (first quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986), then quoting *Galustian*, 591 F.3d at 729); *see also Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (explaining that the review for futility "does not involve 'an evaluation of the underlying merits of the case'" (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, Civ. No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013))). Thus, this Court's inquiry will focus on whether the proposed

amendment "clearly is frivolous, advance[es] a claim or defense that is legally insufficient on its face, or [] fails to include allegations to cure defects in the original pleading." 6 Arthur R. Miller, et al., Federal Practice and Procedure § 1487 (3d. ed. 2010).

As an initial matter, the Court finds that obstruction of justice is not a cognizable civil claim. *See Kumar v. Mahone,* Civ. No. GLR-21-735, 2022 WL 279798, at *8 (D. Md. Jan. 31, 2022); *see also Livingston v. Jones,* No. 219, Sept. Term 2018, 2019 WL 2152924, at *2 (Md. Ct. Spec. App. May 16, 2019) ("[T]here is no civil cause of action in Maryland for obstruction of justice."). As such, the obstruction of justice claim is legally insufficient on its face and Plaintiff's leave to amend is denied as to this count.

Without pre-judging the merits of Defendants' remaining arguments for dismissal, the Court is satisfied that the remaining claims in the proposed second amended complaint are not "clearly insufficient or frivolous on [their] face." *Johnson,* 785 F.2d at 510. Because the standard applied to assess whether a claim is futile is more forgiving than that employed in evaluating a Rule 12(b)(6) motion to dismiss, this Court is not inclined to apply the Rule 12(b)(6) standard at this stage. The Court also notes that Defendants do not raise any arguments for denying leave to amend based on the proposed claims against Defendants Rounds, Wolford, Koelker, Vinci, Spence, Yoder, Doe, Crites, Smith, and Gilpin.[6] Thus, Defendants appear to concede that the proposed second amended complaint alleges, at minimum, several claims that are not futile. *See Morgan v. Coppin State Univ.,* Civ. No. 20-0427-SAG, 2020 WL 6485083 at *3 (D. Md. Nov. 4, 2020) (permitting plaintiff to amend the complaint where at least one count was not futile and

---

[6] Defendants argue that the claims against Morgan, Weber, and Butler are barred by the Eleventh Amendment, and that Plaintiff fails to state a claim against: 1) Mallery, Sherbin, and Hearn for excessive force; 2) Puffenbarger, Mallery, Sherbin, and Hearn for retaliation; and 3) Morgan, Weber, and Butler for failure to protect. *See generally* ECF 48.

7

directing defendants to re-file their dismissal arguments for the court's substantive consideration under the Rule 12(b)(6) standard); *Carter v. Kiser*, No. 20-cv-0713, 2023 WL 186820, at *4 (W.D. Va. Jan. 13, 2023) (finding the proposed amended complaint was not futile where plaintiff alleged "at least one claim sufficient to defeat a motion to dismiss."); *Miller v. Md. Dep't of Nat. Res.*, 813 F. App'x 869, 880 (4th Cir. 2020) (holding that plaintiff should have been permitted to file an amended complaint since the proposed pleading sufficiently stated at least two claims). The remaining issues will be best addressed through both parties' consideration of the specific facts alleged in the second amended complaint and any responses thereto.

To be clear, Defendants have raised several potentially compelling arguments in favor of dismissal. However, the Court cannot agree at this stage of the litigation that the proposed amended complaint is clearly insufficient or frivolous on its face.[7] There is no allegation of "undue delay, bad faith or dilatory motive on the part of the movant." *Foman*, 371 U.S. at 182. Rather, appointed counsel's timely investigation and review of informal discovery led to additional information that counsel credibly contends gives rise to additional claims against existing defendants and new claims against additional defendants. ECF 42, at 3. As such, the Court finds that permitting Plaintiff to file a second amended complaint including all claims except for obstruction of justice is the appropriate outcome here.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion seeking leave to file a second amended complaint, ECF 42, will be DENIED as to the obstruction of justice claim but GRANTED as to all remaining claims. Within 14 days from the date of this Opinion and accompanying Order,

---

[7] The exception to this finding, as noted above, is the obstruction of justice claim, which is insufficient on its face because it is not a cognizable civil claim.

8

Plaintiff shall file a clean copy of the second amended complaint removing the obstruction of justice claim and renumbering the causes of action accordingly. Once filed, Defendants shall file an answer or other responsive pleading (including a motion to dismiss if Defendants deem it appropriate) within twenty-one (21) days therefrom. A separate implementing order will issue.

Dated: <u>October 4, 2024</u>

                                            /s/
                                   Brendan A. Hurson
                                   United States District Judge